THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* UNITED THEATERS, INC., RAFAEL RAMOS COBIÁN, EDUARDO GONZÁLEZ, JULIO BRUNO, CHARLES GRAHAM, PEDRO GELABERT, ETC., Defendants and Appellees.

No. 7257. Argued February 10, 1939.—Decided April 25, 1939.

640

*Hon. Attorney General of Puerto Rico B. Fernández García* and *E. Córdova Díaz, Assistant Attorney General,* for Appellant; *Brown, González & Newson,* for appellees United Theaters, Inc., Ramos Cobián, González, Bruno and Graham; *Luis Tirado Géigel,* for appellee Gelabert; *James R. Beverley* and *J. López Baralt,* for appellees Paramount Films, Inc., United Artists Corporation of Puerto Rico, Metro Goldwyn Mayer of Puerto Rico, and Fox Film Corporation.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The People of Puerto Rico filed a petition in the District Court of San Juan seeking an injunction against defendants, basing the action on "An act to protect trade and commerce against unlawful restraints and monopolies" approved on the 14th of March, 1907 (Comp. Statutes 1911, p. 456). The defendants assailed the jurisdiction of the District Court alleging that the act in question was unconstitutional as it was legislation of a subject over which the Congress of the United States has exclusive jurisdiction, and regarding which it had legislated through the Sherman Anti-Trust Act of 1890, and the later one known as the Clayton Act, of 1914, and through more recent supplementing acts, none of which confer jurisdiction on the insular courts to take cognizance of said matters.

After various incidents, which are not necessary to state for the purposes of this opinion, the lower court rendered judgment on December 13, 1935, dismissing the injunction for lack of jurisdiction to entertain the cause and based its decision on the jurisprudence established in the case of *United Theaters Inc.* v. *Court,* 47 P.R.R. ____. It was this judgment which gave rise to the present appeal, established by The People of Puerto Rico.

The appellees filed various motions seeking the dismissal of the proceedings as frivolous. A hearing on this motion was held on February 15, 1937, but at the request of The People of Puerto Rico, who stated that they had applied to the Supreme Court of the United States for a writ of certiorari to review the judgment of the U. S. Circuit Court of Appeals for the First Circuit in the case of *Puerto Rico* v. *Shell Co.*, 86 F. (2d) 577, which involved exactly the same issue as the case at bar, the decision of the motion for dismissal was postponed until the Supreme Court of the United States should render judgment in that case. On February 7, 1938, this court, in view of the holding of the case of *People* v. *Shell Co.*, 302 U. S. 253, denied the motion of the appellees seeking the dismissal of this appeal as frivolous, and on the 26th of the same month set the 19th of the following April for a hearing of the case on its merits, which setting was set aside by a stipulation of the parties filed on the 19th of that month. The cause was set again for the 10th of last February and the hearing was held, E. Córdova Díaz, as counsel for The People, being the only one present. The day before the hearing the appellee United Theaters, Inc., relying on the case of the *Shell Co., supra,* filed a motion consenting to the reversal of the judgment and requesting that the cause be remanded to the lower court for further proceedings.

In Justice to the judge of the lower court, we should state that he correctly interpreted and applied the jurisprudence of this Court established in the case of *United Theaters, Inc.* v. *Court, supra,* but after the judgment appealed from was rendered, the Supreme Court of the United States decided the case of *Puerto Rico* v. *Shell supra,* upholding the authority of our legislative assembly to pass the local act and that the same is constitutional and exists independently of the federal law known as the Sherman Anti-trust Act, which is also applicable to Puerto Rico, it is clear that the case of *United Theaters, Inc.* v. *Court,*

which was the basis of the judgment appealed from was reversed and consequently the judgment appealed from is reversed and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.